OPINION
{¶ 1} Appellant, Shane R. Elersic ("Elersic"), appeals from the October 3, 2006, judgment entered by the Geauga County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial. We affirm.
 {¶ 2} In the early morning hours of June 28, 1999, an alarm was activated in the pro shop at St. Denis Golf Course ("St. Denis"), in Chardon, Ohio. Norbert Foecking, *Page 2 
the owner of the golf course, responded to the alarm and witnessed two masked individuals in the pro shop. He called the authorities.
 {¶ 3} Deputies from the Geauga County Sheriffs Department responded to the scene. Upon arrival, one officer noticed a Chevrolet Blazer leaving an access driveway of St. Denis. The officer activated his overhead lights and sirens and a ten-mile chase ensued. The chase ended in Lake County after officers from another department deployed a spike-strip rupturing the Blazer's tires. The Blazer lost control, slid off the road, and hit a utility pole. Both of the vehicles' occupants fled the crash site on foot but were not immediately apprehended.
 {¶ 4} Officers discovered that the Blazer was owned by Gina Topazio, Elersic's girlfriend. After being informed of the incident, Topazio told the officers that Elersic had been driving the Blazer on the night in question. Appellant was eventually apprehended.
 {¶ 5} Elersic was charged in a six-count indictment with various crimes involving the break-in at St. Denis, the subsequent police chase, and other break-ins in Geauga County. The counts involving the other Geauga County break-ins were ultimately dismissed. The remaining charges against Elersic included theft, possession of criminal tools, and failure to comply with an order of a police officer.
 {¶ 6} In June 2000, a second indictment was issued, charging Elersic with one count of breaking and entering, also resulting from the St. Denis incident. The second indictment was assigned a separate case number. These cases were consolidated at the trial court level. *Page 3 
 {¶ 7} Elersic pled not guilty to all of the charges against him. At trial, Michael Fazzolare ("Fazzolare") testified as a principle witness for the state. Fazzolare testified that he and Elersic had committed the St. Denis break-in, along with various other break-ins in the Lake and Geauga county area.[1]
 {¶ 8} Elersic was found guilty of all charged offenses in both indictments and was sentenced to terms of ten months each for his convictions of breaking and entering, theft, and possession of criminal tools. He was also sentenced to a term of fourteen months for his conviction for failure to comply with an order or signal of a police officer. These terms were ordered to be served concurrently to each other and consecutively to the sentence Elersic was serving out of Lake County.
 {¶ 9} On appeal, this court affirmed Elersic's convictions inState v. Elersic, 11th Dist. Nos. 2001-G-2335 and 2003-G-2512,2003-Ohio-7218. Elersic subsequently appealed to the Supreme Court of Ohio in February of 2004. However, the Supreme Court declined jurisdiction.
 {¶ 10} On September 25, 2006, Elersic filed a "Motion for Leave to File a Delayed Motion for a New Trial Upon Newly Discovered Evidence, Pursuant to Criminal Rule 33(A)(6) and R.C. 2945.80." Elersic's "motion for leave" asserted that the evidence of his convictions in first Lake County case was improperly used to obtain a *Page 4 
conviction in his Geauga trial. Because the convictions were reversed and he was acquitted after a retrial, Elersic concluded his convictions in the Geauga case could not stand. Thus, Elersic averred he was "unavoidably prevented" from presenting this evidence to the jury and should be entitled to a new trial.
 {¶ 11} On October 3, 2006, the trial court denied appellant's motion. In support, the trial court observed that although the jury heard testimony from Fazzolare relating to various crimes he allegedly committed in Lake County, "there was no testimony or evidence presented to the jury that [Elersic] had been convicted of those burglaries." (Emphasis sic). The trial court additionally determined Elersic's motion for leave was untimely because it was filed more than four years after the 2002 acquittal. Under the circumstances, the court maintained Elersic could not properly premise his motion upon "newly discovered" evidence.
 {¶ 12} Elersic now appeals and asserts three assignments of error for our review:
 {¶ 13} "[1.] The trial court erred to the prejudice of the appellant when it abused its discretion by determining appellant's motion for new trial pursuant to Criminal Rule 33(B) to be untimely.
 {¶ 14} "[2.] The trial court erred to the prejudice of the appellant when it abused its discretion by improperly denying appellant's motion for new trial when the factual basis of an invalid conviction was presented to a jury prejudicially affecting trial preparation. *Page 5 
 {¶ 15} "[3.] The trial court erred to the prejudice of the appellant when it abused its discretion by violating appellant's due process of law [sic] with the presentation of evidence from an invalid Lake County conviction that prejudicially affected appellant's trial preparation and reasonable probability of a different verdict.
 {¶ 16} Each of Elersic's three assigned errors challenge the trial court's denial of his Crim.R. 33 motion. A ruling on a Crim.R. 33 motion is within the competence and discretion of the trial court. State v.Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Thus, absent arbitrary or unreasonable ruling, the trial court's decision will remain undisturbed. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When reviewing for an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 17} Crim.R. 33 sets forth the procedure governing motions for new trial grounded upon newly discovered evidence and provides:
 {¶ 18} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantive rights:
 {¶ 19} "* * *
 {¶ 20} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure *Page 6 
such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case."
 {¶ 21} Crim.R. 33(B) dictates the procedure a trial court is bound to follow in considering a motion for a new trial on the basis of newly discovered evidence:
 {¶ 22} "Motions for [a] new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty period."
 {¶ 23} The foregoing rule anticipates a two-step process where the motion for new trial is made outside the permissible timeframe for filing the motion. State v. Valentine, 11th Dist. No. 2002-P-0052, 2003-Ohio-2838, ¶ 9. First, the trial court must find the party was unavoidably prevented from filing his motion within the prescribed window set forth in Crim.R. 33(B). Id. The party must then file his or her motion within seven days of the trial court's determination. Id., see, also, State v. Griffith, 11th Dist. No. 2005-T-0038,2006-Ohio-2935, at ¶ 14. "Crim.R. 33 does not specify the procedure by which the initial order is to be obtained." State v. Dawson (Jul. 14, 1999), 9th Dist. No. 19179, 1999 Ohio App. LEXIS 3264, *5.[2] *Page 7 
 {¶ 24} Here, Elersic was convicted in the underlying matter on November 21, 2000. He moved the trial court for leave to file his Crim.R. 33 motion on September 25, 2006, nearly six years after his conviction. Elersic's motion argued he was entitled to a new trial because the state relied upon his alleged participation in crimes in Lake County (detailed by Fazzolare's testimony) for which he was never tried or convicted.[3] In his September 25, 2006 motion, Elersic concluded he was unavoidably prevented from discovering the evidence of acquittal (occurring on July 9, 2002) within the 120 day window following his November 21, 2000 convictions and thus was entitled to a new trial.
 {¶ 25} The doctrine of res judicata prevents repeated challenges of a final judgment, and applies to all issues that were or might have beenpreviously litigated at trial which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk (1996),77 Ohio St.3d 93, 95, 1996-Ohio-337.
 {¶ 26} Here, Elersic filed his notice of appeal from his Geauga County convictions on January 29, 2001. The matter was heard by this court on May 13, 2003. During the pendency of that appeal, Elersic's convictions in the Lake County Case were reversed and remanded by this court. On remand, the Lake County Court of Common Pleas dismissed all but one count of receiving stolen property with a firearm specification. Elersic was retried on this charge and, on July 9, 2002, he was acquitted. *Page 8 
 {¶ 27} This timeline demonstrates appellant had an opportunity to raise the issue of his Lake County acquittal (as well as the Lake County Court of Common Pleas' dismissal of the various other counts) while the underlying matter was pending on direct appeal. Although Elersic was "unavoidably prevented" from directing the Geauga County jury's attention to the Lake County acquittal at the time of the Geauga County trial (since the Lake County acquittal had not yet occurred), he was capable of raising the issue on his direct appeal. He failed to do so. Elersic is therefore barred by the doctrine of res judicata from raising this issue anew in a Crim.R. 33 motion.
 {¶ 28} Furthermore, we agree with the trial court that the state did not offer the evidence in question as proof that Elersic had beenconvicted in Lake County of the various break-ins to which Fazzolare testified. The record of Elersic's trial fails to reveal any direct testimony or tacit allusion to Elersic's erstwhile convictions in the matters that were ultimately dismissed or of which Elersic was eventually acquitted in Lake County. To be sure, the "other acts" to which Fazzolare testified were of a criminal nature; however, they were not earmarked as criminal convictions and therefore Elersic's position is based upon a misconstruction of the trial testimony.
 {¶ 29} This distinction is important because it invokes a separate reason why Elersic's motion is barred by res judicata. In Elersic's direct appeal, this court discussed the admissibility of the "other acts" evidence in question. Specifically, we held the evidence of the "other acts" was admissible pursuant to Evid.R. 404(B) to prove "identity" to establish a modus operandi or "behavioral fingerprint" reflected in the crime with which Elersic was charged. SeeElersic, supra, at ¶ 20-29. We also underscored *Page 9 
the trial judge's limiting instruction which advised the jury of the narrow purpose for which the "other acts" could be considered, viz., as evidence of a general scheme, plan, or system of breaking and entering. Id. at ¶ 30-33.
 {¶ 30} Because Elersic has already challenged the admissibility of the "other acts" at issue, he is not entitled to again pursue the issue collaterally by way of a Crim.R. 33 motion.[4] We therefore hold the trial court did not abuse its discretion in denying Elersic's motion for leave to file a motion for new trial.
 {¶ 31} For the reasons set forth above, Elersic's assignments of error are not well-taken and the decision of the Geauga County Court of Common Pleas is hereby affirmed.
COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur.
[1] Fazzolare also testified against Elersic at Elersic's Lake County trial. See State v. Elersic (Nov. 21, 2001), 11th Dist. Nos. 2000-L-062 and 2000-L-064, 2001 Ohio App. LEXIS 5210. There, Elersic was convicted of two counts of breaking and entering, two counts of theft, engaging in a pattern of corrupt activity, and receiving stolen property with a firearm specification. On appeal, this court reversed Elersic's convictions and remanded the matter for a new trial. On remand, the trial court dismissed all counts except one count of receiving stolen property. After retrial on July 8, 2002, appellant was acquitted on this charge. However, prior to the retrial, on March 29, 2002, appellant was secretly indicted by the Lake County Grand Jury on one count of burglary with a firearm specification and one count of grand theft with a firearm specification. The jury ultimately convicted appellant of burglary with a firearm specification. Appellant subsequently received an aggregate sentence of five years imprisonment.
[2] Here, the trial court evidently treated appellant's "motion for leave" as a substantive Crim.R. 33 motion for new trial. Because appellant's motion for leave included specific argumentation in support of his request for a new trial, we see no necessary procedural problems with the manner in which the lower court addressed the issues before it.
[3] Appellant's motion actually states he was acquitted of the crimes in Lake County. However, after this court's reversal and remand inState v. Elersic, 11th Dist. Nos. 2000-L-062 and 2000-L-164, 2001-Ohio-8787, the Lake County Court of Common Pleas dismissed all counts except one count of receiving stolen property with a firearm specification of which appellant was acquitted.
[4] We acknowledge that Elersic's three assigned errors direct this court's attention to alleged infirmities in the reasoning used by the trial court in arriving at its conclusion denying his motion for leave. However, because we hold Elersic is precluded from asserting his claim by operation of res judicata, the assertions animating Elersic's arguments are moot. *Page 1