[Cite as *State v. Stepherson*, 2013-Ohio-5396.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 13AP-282 and 13AP-313 |
| v. | : | (C.P.C. No. 94CR-02-1094) |
| Darrell A. Stepherson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2013

*Ron O'Brien*, Prosecuting Attorney, *Sheryl L. Pritchard*, and *Steven L. Taylor*, for appellee.

*The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant.

APPEALS from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Darrell A. Stepherson, appeals from judgments of the Franklin County Court of Common Pleas denying his motions for leave to file a motion for new trial and for "relief from legally inconsistent verdict."

{¶ 2} On February 24, 1994, appellant was indicted on two counts of aggravated murder with death penalty specifications, one count of aggravated robbery, and one count of kidnapping. Each of the aggravated murder counts contained the same two death penalty specifications. The indictment arose out of an incident on August 16, 1993, in which two individuals entered the residence of Nathan and Christa Curry. During the

events at issue, Nathan Curry, a marijuana dealer, was fatally shot and robbed of marijuana he kept in the residence.

{¶ 3} The matter came for trial before a jury beginning October 17, 1994. The jury returned verdicts finding appellant not guilty of the first count (aggravated murder with prior calculation and design), but guilty of the lesser-included offense of involuntary manslaughter, guilty of the second count (aggravated felony murder), and guilty of the aggravated robbery count. The jury returned a verdict of not guilty on the kidnapping count.

{¶ 4} Following a mitigation hearing, the jury recommended a life sentence with parole eligibility after 30 years. By entry filed December 5, 1994, the trial court sentenced appellant to 30 years incarceration on Count 2, with an additional three years pursuant to a firearm specification. The court also sentenced appellant to ten to 25 years on the aggravated robbery count, to be served consecutive with Count 2.

{¶ 5} Appellant appealed his convictions, raising two assignments of error in which he argued that the trial court erred in denying his motion for acquittal, and in denying his motion to suppress Christa Curry's in-court identification of him. In *State v. Stepherson,* 10th Dist. No. 94APA12-1805 (Sept. 26, 1995), this court overruled appellant's assignments of error and affirmed the judgment of the trial court.

{¶ 6} On December 13, 2012, appellant filed a pro se "motion for relief from legally inconsistent verdict, Civ.R. 60(B)(5)." On December 20, 2012, the state filed a memorandum contra appellant's motion.

{¶ 7} On January 7, 2013, appellant filed a motion for leave to file a motion for new trial. In the accompanying memorandum in support, appellant argued he was unavoidably prevented from discovering: (1) eyewitness identification issues in his trial, (2) that the prosecutor tainted the identification, and (3) that appellant was part of a show-up identification. On January 14, 2013, the state filed a memorandum contra appellant's motion for leave to file a motion for new trial. On February 22, 2013, appellant filed a supplement to his motion, which included the affidavits of Shari Berkowitz, Ph.D., and Jen Ruffing.

{¶ 8} By decision and entry filed March 14, 2013, the trial court denied appellant's motion for relief from legally inconsistent verdict. Also on that date, the trial court filed an entry denying appellant's motion for leave to file a motion for new trial.

{¶ 9} On appeal, appellant sets forth the following two assignments of error for this court's review:

> *Assignment of Error Number One*
>
> *The trial court erred when it overruled the motion for a new trial.*
>
> *Assignment of Error Number two*
>
> *The trial court erred when it overruled the motion regarding inconsistent verdicts.*

{¶ 10} Under his first assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a motion for new trial. Appellant contends he presented newly discovered evidence of a show-up identification, based upon an interview summary prepared by a private investigator, Ruffing, who had spoken in September 2012 with Christa Curry-Meinen, the former wife of the shooting victim, Nathan Curry.

{¶ 11} The affidavit of Ruffing, filed as part of appellant's supplement to the motion for leave to file a motion for new trial, states in part:

> Affiant states [o]n September 12, 2012, Christa Curry Meinen was contacted. A card was left for her at her home and Meinen called Investigator Ruffing a short time later. She stated she knew what this was about and then said, "He killed my husband." Meinen went on to say they kicked in her door, "he shot him twice in the head", stole off of her husband, left him for dead, and held she and her twins at gunpoint. Meinen stated she did not know what else there was to investigate. Meinen stated this happened 15 years ago and the two people involved were picked up on the description alone. Meinen stated Stepherson had an accomplice and his name was Mark Lovejoy. Meinen can't recall which of the two men were arrested at a bi-level house hiding under an outcrop from the house and which was arrested hiding in some bushes. They were trying to get away as their car had broken down and they were picked up on the description provided by the neighbors in the area where they were caught. After they were arrested, Stepherson and Lovejoy were brought back for Meinen to

identify.  Meinen stated the two men were in separate cruisers when the police brought them back to her home for her to identify.

{¶ 12} Appellant maintains that, according to the above investigator's report, the police employed a highly suggestive identification process, and that it is likely Curry-Meinen did not identify appellant during this show-up identification.  Appellant contends this information was not turned over to appellant prior to trial, and that the prosecutor had a duty to correct this omission.  Appellant also argues that the investigator's interview with Curry-Meinen revealed the prosecutor had commented to her about a prior incident in which appellant allegedly shot and killed an individual.

{¶ 13} Finally, appellant points to the affidavit of Berkowitz, an Assistant Professor of Forensic Psychology at Roosevelt University.  In her affidavit, Berkowitz offers her opinion, based upon a review and analysis of documents and materials she had been provided, that "several eyewitness memory factors are present in this case that may have affected Christa's memory and impaired her ability to identify the perpetrator.  Consequently, there is a possibility that the identification by Ms. Christa Curry may be unreliable."

{¶ 14} In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard.  *State v. Anderson,* 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9.  Crim.R. 33(A)(6) provides in part that a new trial may be granted on motion by the defendant "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  Crim.R. 33(B) "imposes time limits for the filing of a motion for a new trial."  *Id.* at ¶ 11.  Specifically, Crim.R. 33(B) states:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 15} This court has previously noted that "Crim.R. 33 contemplates a two-step procedure when a defendant seeks to file a motion for new trial more than 120 days after the conclusion of the trial." *State v. Bethel,* 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13. Under the first step, "the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial." *Id.* A defendant is "unavoidably prevented" from discovering the new evidence within the time period for filing a motion for new trial when the defendant "had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence." *Id.*, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244. Under the second step, "if the defendant does establish by clear and convincing evidence that the delay in finding the new evidence was unavoidable, the defendant must file the motion for new trial within seven days from that finding." *Id.* at ¶ 13.

{¶ 16} The Supreme Court of Ohio, in *State v. Petro,* 148 Ohio St. 505 (1947), syllabus, set forth the following six-part test for determining whether a motion for new trial on the basis of newly discovered evidence should be granted:

> To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v. Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)

{¶ 17} In considering appellant's motion for leave to file a motion for new trial, the trial court determined that the motion was untimely, as it was filed more than 120 days after the judgment entry of conviction and appellant failed to provide clear and convincing evidence that he was unavoidably prevented from discovering this evidence within the applicable time period. Specifically, the court held in part: "The issues with the reliability, or unreliability, of the eyewitness identification were known in 1994 and no evidence suggests the Defendant could not have discovered those issues." The trial court also addressed the merits of the motion for new trial, holding that a new trial was not warranted in light of this court's prior determination that any error as to the admissibility of the eyewitness identification of Curry-Meinen was harmless. We agree.

{¶ 18} In the direct appeal of his conviction, appellant argued under his second assignment of error that "the trial court erred in overruling his motion to suppress Christa Curry's in-court identification of appellant." *Stepherson.* Appellant asserted that this testimony was "tainted and highly suggestive." *Id.* This court, upon review of the record, cited numerous issues with Curry-Meinen's testimony and found it "to be unreliable," holding that "Ms. Curry's identification should have been suppressed." *Id.* However, we further determined that "any error in the admission of her testimony was harmless" because, "[e]xcluding the identification testimony of Ms. Curry, the record contains overwhelming evidence of appellant's guilt." *Id.*

{¶ 19} Here, even accepting appellant's claim that a show-up identification occurred such that Curry-Meinen's identification was tainted and/or unreliable, and further accepting the representations in the affidavit of Berkowitz that there is a "possibility" the identification of Curry-Meinen "may be unreliable," this court has previously determined that any error in admitting the identification testimony of this witness was harmless because the other evidence of appellant's guilt was overwhelming. Thus, appellant cannot demonstrate that the alleged newly discovered evidence was material, or that it gives rise to a strong probability that its disclosure would have changed the result of the trial. Moreover, we agree with the trial court that any issues as to the reliability (or unreliability) of Curry-Meinen's identification were well known in 1994. Accordingly, the trial court did not err in finding that appellant failed to establish he was

unavoidably prevented from discovering the alleged new evidence, and that he failed to prove such evidence was material.

{¶ 20} Because the trial court did not abuse its discretion in denying appellant's motion for leave to file a motion for new trial, the first assignment of error is overruled.

{¶ 21} Under his second assignment of error, appellant asserts the trial court erred in denying his motion seeking relief from a "legally inconsistent verdict." In his motion before the trial court, appellant argued in his memorandum in support that there was "no provision at law which would permit the jury to 'acquit defendant of aggravated murder,' as charged in Count One, [and] find defendant guilty of the lesser included offense of 'involuntary manslaughter,' and then 're-adjudicate' defendant's criminal culpability via a secondary charge (or count) of the very same identical offense."

{¶ 22} The trial court denied appellant's motion on the grounds that: (1) the motion, "which is in reality a request for post-conviction relief," was untimely under R.C. 2923.21(A)(2), (2) the motion was barred by res judicata because appellant failed to raise this issue on appeal, and (3) the verdicts and counts in the indictment were not inconsistent.

{¶ 23} On appeal, appellant does not dispute the trial court's determination that his "motion for relief from legally inconsistent verdict" is in reality a request for post-conviction relief. R.C. 2953.21(A)(2) requires such a petition to be filed within 180 days after the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction (subject to two exceptions under R.C. 2953.23(A)(1)).

{¶ 24} The state notes that appellant filed his motion over 17 years past the expiration of the time allowable under the statute. The state also cites case law for the proposition that a motion for post-conviction relief will be barred by the doctrine of res judicata if the petition raises an issue that could have been raised or was raised on direct appeal. *See State v. Perry,* 10 Ohio St.2d 175 (1967).

{¶ 25} Appellant seeks to avoid the timeliness bar of R.C. 2953.21, as well as the bar of res judicata, by arguing that his judgment of conviction is void. As noted, appellant argued in his pro se motion before the trial court that the jury, in acquitting him of aggravated murder under Count 1, and finding him guilty of the lesser-included offense of

involuntary manslaughter under that count, then unlawfully "re-adjudicate[d]" him under the second count for the "same identical offense." Appellant's contention is without merit.

{¶ 26} Under Ohio law, "felony murder and murder committed with prior calculation and design are separate and distinct offenses of aggravated murder." *State v. Fort,* 8th Dist. No. 52929 (Feb. 4, 1988), citing *State v. Ferguson,* 175 Ohio St. 390 (1964), paragraph one of the syllabus; *State v. Strozier,* 32 Ohio St.2d 62 (1972), syllabus. Therefore, "the state properly may charge each offense in the same indictment." *Fort.* Further, "[a]n inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *Browning v. State,* 120 Ohio St. 62 (1929), paragraph four of the syllabus. A jury's finding of involuntary manslaughter as a lesser-included offense of aggravated murder on one count "does not preclude conviction on the other count of aggravated murder." *State v. Joseph,* 11th Dist. No. 3284 (Dec. 28, 1984).

{¶ 27} In the present case, appellant was properly indicted on separate and distinct forms of aggravated murder (aggravated murder with prior calculation and design and aggravated felony murder), and he faced only one prosecution. As noted by the state, the trial court did not sentence appellant on both aggravated murder counts. Rather, the prosecution elected to have appellant sentenced on Count 2, and the jury's determination rendered as to the lesser-included offense under Count 1 "does not change or vitiate the jury's finding of guilty on the aggravated murder charge" under the separate count. *Joseph.*

{¶ 28} Appellant contends for the first time on appeal that his sentence is void under R.C. 2941.25, Ohio's merger statute, and that the state should have been required to make its election prior to the charge to the jury in light of the inconsistent verdict. Even had appellant preserved these issues for appeal by raising them before the trial court, we find the arguments unpersuasive. With respect to the merger statute, "[a] defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. In fact, * * * a defendant may be found guilty of allied offenses but not sentenced on them." *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17. *See also State v. Tanner,* 90 Ohio App.3d 761, 770 (10th Dist.1993) ("R.C. 2941.25 resolves any prejudice which may occur by limiting conviction to only one count"). As

noted above, appellant was not sentenced on both aggravated murder counts, and his conviction is not invalid under Ohio law.

{¶ 29} Finally, appellant's argument with respect to the timing of the state's election is not well-taken. Under Ohio law, the state retains the right to elect which allied offenses to pursue at sentencing, and "[t]he prosecution must elect which offense it will pursue after a finding of guilt but prior to sentencing." *State v. Smith,* 1st Dist. No. C-080126, 2009-Ohio-3727, ¶ 65. Further, a trial court's election to impose punishment based on a jury's conviction for aggravated murder, rather than on a separate aggravated murder count in which the jury returned a guilty verdict as to a lesser-included offense, does "not improperly invade the province of the jury." *Joseph.*

{¶ 30} Appellant's contention that his sentence is void is without merit. Accordingly, the trial court properly held that appellant's petition was untimely, and that it was barred by the doctrine of res judicata, as he could have raised his claims on direct appeal from his conviction. Appellant's second assignment of error is overruled.

{¶ 31} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.

*Judgments affirmed.*

TYACK and CONNOR, JJ., concur.

_____