[Cite as *State v. Graggs*, 2014-Ohio-1195.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-852 |
| v. | : | (C.P.C. No. 08CR-1098) |
| John Q. Graggs, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 25, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*John Q. Graggs*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, John Q. Graggs ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial based on newly discovered evidence. Because we conclude that the trial court did not abuse its discretion by denying appellant's motion, we affirm.

{¶ 2}  Appellant was convicted in January 2009 of aggravated robbery, kidnapping, and two counts of aggravated murder based on his involvement in the death of Fred Brock ("Brock"). Appellant filed a direct appeal of his convictions, and this court affirmed the convictions in *State v. Graggs*, 10th Dist. No. 09AP-339, 2009-Ohio-5975 ("*Graggs I*"). The facts of the case are set forth in *Graggs I*; as relevant to this appeal, the evidence established that Brock had been hired to secure an apartment used to conduct sales by two drug dealers, Marcus Jones ("Jones") and Jessie Lanier ("Lanier"). *Graggs I*

at ¶ 3. On the evening of January 8, 2008, Brock's body was discovered lying face down on the floor of the apartment, handcuffed, with two gunshot wounds to the back and one to the head. *Id.* at ¶ 4, 8. Shortly after the jury verdicts, appellant filed a motion for new trial under Crim.R. 33, but the trial court denied that motion. *Id.* at ¶ 12. As a result of the convictions, appellant was sentenced to life imprisonment without parole. *Id.* Appellant subsequently filed a motion for post-conviction relief alleging ineffective assistance of trial counsel, which the trial court denied. This court affirmed the trial court judgment denying the motion for post-conviction relief, concluding that appellant's claims were barred by res judicata. *State v. Graggs*, 10th Dist. No. 10AP-249, 2010-Ohio-5716, ¶ 32 ("*Graggs II*").

{¶ 3} On August 8, 2013, appellant filed a motion for leave to file a motion for new trial based on newly discovered evidence pursuant to Crim.R. 33. In support of his motion, appellant provided three affidavits. Ugbe Ojile ("Ojile"), the law library clerk at the Orient Correctional Center, attested that, in July of 2013, he overheard Kelvin Bridges ("Bridges") state that he had gone to Lanier's apartment to purchase drugs one evening. Ojile attested that Bridges indicated Brock was in the apartment at the time and that, the following day, Bridges learned on the news that Brock had been killed. Appellant also filed an affidavit, attesting that, in July 2013, Ojile asked him if he knew Bridges. Appellant stated that he did not know Bridges and that Ojile stated that he heard Bridges involved in a conversation related to Brock's death. Appellant further stated that he met with Bridges and heard his statement, then asked Bridges to provide an affidavit attesting to that statement. Appellant also provided an affidavit from Bridges. In the affidavit, Bridges stated that, on the evening of January 8, 2008, he was at Lanier's apartment between 8:55 and 9:07 p.m. Bridges attested that Brock escorted him into the apartment and then laid down on the sofa to watch television while Bridges purchased cocaine from Lanier. Bridges stated that, during the transaction, Lanier weighed two of the packages of cocaine he planned to sell to Bridges and discovered that they each contained three grams less than an ounce. Bridges attested that Lanier asked Brock if he had been in the packages of cocaine. In his motion, appellant suggested that the information provided by Bridges demonstrated a motive for Lanier to kill Brock and would establish that appellant could

not have committed the murder. The trial court denied appellant's motion for leave to file a motion for new trial.

{¶ 4} Appellant appeals from the trial court's judgment, assigning a single error for this court's review:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL BASED ON NEWLY DIS-COVERED EVIDENCE

{¶ 5} Crim.R. 33(A)(6) provides that a motion for new trial may be granted based on the discovery of new evidence material to the defense that the defendant could not with reasonable diligence have discovered and produced at trial. A motion for new trial based on newly discovered evidence must be filed within 120 days after the jury verdict or the court's judgment. Crim.R. 33(B). A trial court may grant a motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B). In this case, because the jury verdicts were rendered in January 2009, appellant's motion for new trial was outside the 120-day deadline, and he was required to seek leave from the trial court before filing it.

{¶ 6} A trial court's decision on a motion for leave to file a motion for new trial is reviewed under an abuse-of-discretion standard. *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A review under the abuse-of-discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

{¶ 7} This court has recognized that "Crim.R. 33 contemplates a two-step procedure when a defendant seeks to file a motion for new trial more than 120 days after the conclusion of the trial." *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837,

¶ 13. In the first step, the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence relied on to support the motion for new trial within the time period provided for filing a motion for new trial. *Id.* If the defendant makes this showing then, in the second step, he must file the motion for new trial within seven days from the trial court's finding on the first step. *Id.* In the motion for new trial, the defendant must demonstrate that the new evidence "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶ 8} In this case, the trial court held that appellant failed to establish by clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time period permitted for filing a motion for new trial. The trial court also concluded that the alleged newly discovered evidence did not establish a strong probability of a changed result if a new trial were granted. In this appeal, appellant argues that the trial court abused its discretion by making this second determination. In effect, appellant argues that, when presented with a motion for leave to file an untimely motion for new trial, a court is limited to considering the first step in the two-step procedure outlined above. Appellant asserts that the *only* issue before the court below was whether he was unavoidably prevented from discovering the evidence relied upon in support of his motion for new trial and that the court abused its discretion in this case by going beyond that initial inquiry.

{¶ 9} We reject appellant's argument as an unduly narrow reading of Crim.R. 33 and the two-step procedure for untimely filing of a motion for a new trial. This court has previously affirmed judgments in cases where the trial court denied leave to file an untimely motion for new trial based on the movant's failure to demonstrate that he was unavoidably prevented from discovering the evidence in question and where the trial court also addressed the underlying merits of the argument in favor of a new trial. *See, e.g., State v. Stepherson*, 10th Dist. No. 13AP-282, 2013-Ohio-5396, ¶ 17 ("The trial court also addressed the merits of the motion for new trial, holding that a new trial was not

warranted in light of this court's prior determination that any error as to the admissibility of the eyewitness identification of Curry-Meinen was harmless. We agree."); *Bethel* at ¶ 16 ("[T]he trial court addressed not only the motion for leave to file a motion for new trial, but also the merits of the motion for new trial based on newly discovered evidence."). In circumstances such as those presented in this case, where a trial court denies a motion for leave because it concludes that the movant failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the alleged newly discovered evidence, the trial court does not necessarily abuse its discretion by also addressing the merits of the movant's argument in favor of a new trial.[1] Moreover, in this case, appellant's motion for leave included arguments related to his motion for new trial; therefore, the trial court did not abuse its discretion by addressing those claims in its judgment denying the motion for leave. *See, e.g., State v. Elersic*, 11th Dist. No. 2006-G-2740, 2007-Ohio-3371, ¶ 23, fn. 2 ("Here, the trial court evidently treated appellant's 'motion for leave' as a substantive Crim.R. 33 motion for new trial. Because appellant's motion for leave included specific argumentation in support of his request for a new trial, we see no necessary procedural problems with the manner in which the lower court addressed the issues before it.").

{¶ 10} Additionally, we conclude that the trial court did not abuse its discretion by concluding that appellant failed to demonstrate that he was unavoidably prevented from discovering the evidence within the time permitted to file a motion for new trial. "A defendant is 'unavoidably prevented' from discovering the new evidence within the time period for filing a motion for new trial when that defendant had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence." *Bethel* at ¶ 13. The defendant must prove by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence. *Id.* "Clear and convincing evidence is that measure or degree of proof which is more than a

---

[1] We note that this case is distinguishable from a scenario where a movant files an untimely motion for new trial without first seeking leave from the trial court to file that motion. In such cases, Ohio courts have held that "[a] trial court may not * * * 'consider the merits of the motion for a new trial unless it makes a finding of unavoidable delay.' " *State v. Peals*, 6th Dist. No. L-10-1035, 2010-Ohio-5893, ¶ 21, quoting *State v. Lanier*, 2d Dist. No. 2009 CA 84, 2010-Ohio-2921, ¶ 17.

mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} The three affidavits presented by appellant offer little evidence to establish that appellant was "unavoidably prevented" from discovering the asserted evidence within the time for filing a motion for new trial. The key issue is whether Graggs knew or could have discovered through reasonable diligence within the time period provided under Crim.R. 33(B) that Bridges had potentially relevant information. The Bridges affidavit does not directly address whether Bridges knew Graggs prior to July 2013. Ojile attested in his affidavit that, when asked, Bridges indicated that Graggs' name "didn't sound familiar, and he didn't think he knew him." (Ojile Affidavit.) Finally, in his own affidavit, Graggs attested that, when asked by Ojile in July 2013 whether he knew Bridges, he responded that he did not. As the trial court concluded, these statements suggest that Graggs *may not* have known prior to July 2013 that Bridges potentially had information relating to the night of the murder. However, we cannot conclude that the trial court abused its discretion by finding that the affidavits did not constitute clear and convincing evidence to establish that appellant could not have learned of the existence of the information Bridges claimed to possess within the time prescribed for filing a motion for new trial. *See, e.g., State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 30 ("We agree with the trial court that appellants have not shown, through the affidavits submitted, that the new witnesses were unknown or 'placed beyond the range of a reasonable investigation by the defense, much less beyond the Subpoena power.' ").

{¶ 12} Accordingly, we conclude that the trial court did not abuse its discretion by denying appellant's motion for leave to file a motion for new trial.

{¶ 13} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

_____