[Cite as *State v. Peterson*, 2020-Ohio-4579.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-595 |
| | | (C.P.C. No. 05CR-592) |
| v. | : | |
| Jerome C. Peterson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 24, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief**: *Jerome C. Peterson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Jerome C. Peterson, from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial.

{¶ 2} In 2005, appellant was indicted on one count of murder, one count of aggravated burglary, one count of aggravated robbery, one count of having a weapon while under disability, and one count of participating in a criminal gang. The charges arose out of the shooting death of James Goins on November 9, 2004.

{¶ 3} The matter came for trial before a jury beginning November 13, 2006. Following the presentation of evidence, the jury returned verdicts finding appellant guilty of murder, aggravated burglary, aggravated robbery, and participating in a criminal gang. The trial court separately found appellant guilty of having a weapon while under disability. By judgment entry filed July 6, 2007, the trial court sentenced appellant to a prison term of 30 years to life.

{¶ 4}   Appellant appealed from the judgment raising four assignments of error which included claims of prosecutorial misconduct, ineffective assistance of counsel, and challenges to the sufficiency and weight of the evidence.  In *State v. Peterson*, 10th Dist. No. 07AP-303, 2008-Ohio-2838, this court overruled all four assignments of error and affirmed the judgment of the trial court.

{¶ 5}   In addressing appellant's challenge to the sufficiency of the evidence, this court noted the following evidence presented by the state regarding the underlying events. On the date of the incident, appellant and two other individuals, Justin King and Reginald Perry, "discussed planning to do a 'lick,' or robbery" of the victim, James Goins, "under the pretense they were going to purchase marijuana from him." *Peterson* at ¶ 70.  Tyrone Payne, who admitted to a history of selling drugs and who was working as a confidential informant with the sheriff's office, "made arrangements to meet with Goins at his apartment, and Payne, appellant, King and Perry drove there in two separate vehicles." *Id.*  Payne entered the apartment alone in order to speak with Goins, "with Payne intending to then bring Goins outside to introduce him to appellant." *Id.*

{¶ 6}   Appellant and Payne, however, "burst into the apartment; Perry was wielding a gun, and appellant grabbed a baseball bat and began waving it at Goins." *Id.* at ¶ 71.  Goins initially "attempted to charge at Perry but he backed off after Perry pointed the weapon at him." *Id.*  Perry then "ordered Payne to lay face down on the floor, and appellant continued to hold the bat toward Goins, who sat on a couch." *Id.*  As Perry "went into the kitchen area where the drugs were located, Goins ran for the door, but appellant attempted to block him.  Goins was able to get outside, but appellant and Perry chased after him, and Perry shot Goins in the back of the head." *Id.*  He "died almost immediately from the wound." *Id.*

{¶ 7}   Appellant, Perry, and King "fled from the scene, with Perry carrying a brown bag as they left the apartment." *Id.* at ¶ 72.  Later that same evening, "appellant offered Payne half the drugs taken from the apartment in order to ensure he would not contact the police." *Id.*  The following day, "appellant offered Payne $10,000 not to speak to the police." *Id.*  Plaintiff-appellee, State of Ohio, also presented evidence indicating "the bullet fragment recovered from the victim was fired by a weapon subsequently recovered from Perry's residence." *Id.*

{¶ 8}   Following his direct appeal, appellant filed a pro se petition to set aside his conviction and sentence on December 26, 2007.  By entry filed February 5, 2008, the trial court denied the petition.  On May 18, 2018, appellant filed a pro se motion for re-sentencing, which the trial court denied by decision and entry filed January 22, 2019.

{¶ 9}   On February 7, 2019, appellant, acting pro se, filed a motion for leave to file a motion for new trial under Crim.R. 33.  On February 25, 2019, the state filed a memorandum contra the motion for leave.  By decision and entry filed August 16, 2019, the trial court denied appellant's motion for leave to file a motion for new trial.

{¶ 10} On appeal, appellant, pro se, sets forth the following single assignment of error for this court's review:

> THE TRIAL COURT ABUSED IT'S [sic] DISCRETION IN FAILING TO HOLD A HEARING UPON MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WHEN RECORD AND CIRCUMSTANCES SUPPORTED UNAVOIDABLY PREVENTED FROM DISCOVERING EVIDENCE.

{¶ 11} Under his single assignment of error, appellant asserts the trial court erred in failing to hold a hearing on his motion for leave to file a motion for new trial.  Appellant argues he submitted evidence demonstrating he was unavoidably prevented from timely discovering new information he obtained through a private investigator.

{¶ 12} Crim.R. 33(A)(6) states in part that a new trial may be granted upon motion of a defendant "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial."  Pursuant to Crim.R. 33(B), "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered."  However, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.*

{¶ 13} Thus, "a trial court may grant a motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline in certain circumstances." *State v. G.F.*, 10th Dist. No. 18AP-201, 2019-Ohio-3673, ¶ 20.  A court

must first "determine whether the defendant has met his [or her] burden of establishing by clear and convincing proof that he or she was ' "unavoidably prevented from the discovery of the evidence upon which he must rely." ' " *Id.,* citing *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5, quoting Crim.R. 33(B). In accordance with Ohio law, a defendant is " 'unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984). Second, a trial court "must determine whether the party seeking leave under Crim.R. 33 filed the motion for leave within a reasonable time after discovering the evidence supporting the motion under the circumstances." *Id.*, citing *State v. Armengau,* 10th Dist. No. 16AP-355, 2017-Ohio-197, ¶ 16; *State v. Warren*, 2d Dist. No. 26979, 2017-Ohio-853, ¶ 40.

{¶ 14} The issue as to whether a defendant "was unavoidably prevented from discovering the asserted new evidence or was reasonably delayed in filing a motion for leave may require a hearing." *G.F.* at ¶ 21. In this respect, " '[i]f the defendant provides documents that on their face support the defendant's claim that discovery of the evidence was unavoidably delayed, the trial court must hold a hearing to determine whether there is clear and convincing evidence of unavoidable delay.' " *Id.*, quoting *State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 8.

{¶ 15} This court applies "an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial." *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 14, citing *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9. Further, "[a] trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a motion for new trial is also discretionary." *Id.*, citing *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54.

{¶ 16} In his pro se motion for new trial, filed on the same date as his motion for leave, appellant argued that a private investigator provided him with exculpatory evidence in the form of a police progress report (attached to the motion and labeled as part of "Ex. A") which contradicted the trial testimony of a witness who stated he did not observe anyone contaminate the crime scene. The attached exhibit, containing statements of "first

responding officers," included a statement that Columbus Police Officer Daniel Kirk reported "he had seen a footprint at the scene and was told by Sergeant Derossier * * * that [the] footprint belonged to one of [the] medic[s], who was treating the victim."  (Ex. A, Police Summary No. 2.)  The exhibit further contained a statement of "Firefighter Lieurance" who related that, "while attempting to render medical assistance to the victim, he had inadvertently stepped in the victim's blood; thereby, creating the bloody boot print at the scene."  (Ex. A, Police Summary No. 1.)

{¶ 17} In response to appellant's motion for leave, the state argued it was "very likely that [appellant's] counsel *was* in fact aware of the shoe print, considering that Summary # 1 (attached to [appellant's] motion for new trial) refers to a 'boot impression in blood on one of the red brick squares,' and that the very next page * * * describes the means by which investigators determined that the boot print belonged to a medic." (Emphasis sic.)  (State Memo. Contra at 3.)  The state further argued the defense could have obtained this information prior to trial with reasonable diligence and that the only explanation appellant provided for the delay in discovering this information was that he was incarcerated and indigent.

{¶ 18} In its decision denying the motion for leave, the trial court noted that appellant's motion "appears to argue that a Statement Report taken of Officer Daniel Kirk contains reference to exculpatory evidence that was required to be turned over to defense counsel."  (Decision at 3.)  The court noted that an excerpt from the exhibit stated in part: "Visible in the scene area outside of * * * Easthaven Drive South was a shoeprint created when unknown person(s) had stepped in the victim's blood.  It was determined from information supplied by police officers at the scene on November 9, 2004 that the shoeprint actually belonged to a Columbus Fire Medic."  (Decision at 3.)  In denying the motion for leave, the trial court concluded that appellant "does not demonstrate by clear and convincing evidence that Officer Kirk's Statement Report was not provided to defense counsel during the trial phase or that he was unavoidably prevented from discovering the evidence."  (Decision at 3.)

{¶ 19} On review, we find no abuse of discretion by the trial court in denying the motion for leave to file a motion for new trial.  In his motion for leave, appellant argued delay based on his incarceration and the fact he had to "wait" until the owner of "Ace

Investigations * * * conducted his investigation" and found exculpatory evidence "that was not available at trial." (Appellant's Memo. in Support of Leave at 1.)

{¶ 20} At the outset, "the fact of a defendant's incarceration, without more, does not equate to clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time parameter established by Crim.R. 33(B)." *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 40, citing *State v. Frase*, 5th Dist. No. 99CA32 (Aug. 2, 1999); *State v. Smith*, 2d Dist. No. 97 CA 46 (Mar. 27, 1998). As noted by the state, appellant acknowledged he was able to obtain the information at issue while incarcerated. *See State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 16 (finding that appellant's incarceration "clearly did not impede his ability to discover * * * statement" made by female to police, as appellant "admits that he obtained the summary of her police interview while incarcerated in state prison").

{¶ 21} Appellant offers no explanation, in either his motion or supporting affidavit, as to the efforts he took to obtain the information at issue or why he (or his trial counsel) was unavoidably prevented from timely discovering the information. *See State v. Franklin*, 7th Dist. No. 09 MA 96, 2010-Ohio-4317, ¶ 20 ("the use of an affidavit signed outside the time limit for a timely motion that fails to offer any reason why it could not have been obtained sooner is not adequate to show by clear and convincing proof that the evidence could not have been obtained within the prescribed time period").

{¶ 22} Further, "[i]n addition to the requirement that a defendant show he or she was unavoidably prevented from discovering the evidence relied upon to support a motion for new trial, a defendant 'also must show that he filed his motion for leave within a reasonable time after discovering the evidence relied upon to support the motion for new trial.' " *State v. Grinnell*, 10th Dist. No. 09AP-1048, 2010-Ohio-3028, ¶ 12, quoting *State v. Gray*, 8th Dist. No. 92646, 2010-Ohio-11, ¶ 18. *See also Berry* at ¶ 37, quoting *State v. Griffith*, 11th Dist. No. 2005-T-0038, 2006-Ohio-2935 ("a 'trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence' ").

{¶ 23} In the present case, neither appellant's motion for leave nor his affidavit in support identifies when he obtained the police progress report. *See Golden* at ¶ 18 ("without knowing exactly when" appellant obtained summary of police interview, "it is impossible to determine whether he filed his motion within a reasonable time after

receiving it"); *State v. Monford*, 10th Dist. No. 16AP-866, 2018-Ohio-1273, ¶ 18 (trial court did not err in denying motion for leave to file motion for new trial where appellant failed to explain when he obtained documents and failed to submit any evidence that he filed his motion within a reasonable time after acquiring the documents).

{¶ 24} On review, we find no error in the trial court's determination that appellant failed to demonstrate he was unavoidably prevented from timely discovering the evidence at issue. Further, because neither the motion nor the supporting documents, on their face, support appellant's claim that discovery of the information was unavoidably delayed, the trial court did not abuse its discretion in failing to conduct a hearing on the motion. Accordingly, the trial court did not err in denying the motion for leave to file a motion for new trial.

{¶ 25} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____