[Cite as *State v. Green*, 2013-Ohio-5327.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                         :

      Plaintiff-Appellee,                  :            No. 13AP-260
                                                   (C.P.C. No. 08CR-6930)

v.                                                            :

                                                      (REGULAR CALENDAR)

James E. Green,                                     :

      Defendant-Appellant.              :

D E C I S I O N

Rendered on December 5, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*James E. Green*, pro se.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, James E. Green, appeals from a March 11, 2013 judgment of the Franklin County Court of Common Pleas denying his February 1, 2013 "Motion for 52(B) and Motion for New Trial." For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 27, 2009, following a jury trial, appellant was convicted of felonious assault with a firearm specification and having a weapon while under disability. The trial court found appellant guilty of a repeat violent offender specification. *State v. Green*, 10th Dist. No. 09AP-972, 2010-Ohio-3838, ¶ 14 ("*Green I*"). These convictions stemmed from the events of June 22, 2008, when Quentin Green and his girlfriend, Angela McClain, were at a cookout at appellant's house. Appellant is Quentin's uncle. Appellant and Quentin were in the backyard when they began arguing about the condition of the

house, which the Green family had owned for years.  Appellant was upset that his sisters were not helping him keep up with the house, and appellant specifically identified Quentin's mother as one who did not help with the house.  Appellant shouted an insult about Quentin's mother, and Quentin took offense.  The two continued to argue until appellant went into the house and came out with a rifle.  Appellant then fired the rifle and shot Quentin in the leg.  *State v. Green*, 10th Dist. No. 11AP-526, 2012-Ohio-950, ¶ 2 ("*Green II*").[1]

{¶ 3}  On February 1, 2013, appellant filed the instant "Motion for 52(B) and Motion for New Trial."  Appellant's motion was based on allegations of perjury and prosecutorial misconduct.  Appellant pointed out that Angela told a 911 operator directly after the shooting that she did not see the shooter, and appellant claimed Angela told the first police officer on the scene that she did not know what happened.  Angela later told a police detective that appellant shot Quentin and, on two occasions, told the detective that appellant reloaded the rifle afterwards.  Angela admitted on cross-examination that her statements about appellant reloading the rifle were untrue.

{¶ 4}  Appellant contended that these inconsistencies are evidence that Angela was lying when she identified appellant as the shooter to police and that she committed perjury when she testified that appellant shot Quentin.  Appellant further claimed that the assistant prosecutor who presented the state's case knew Angela was lying and committing perjury simply by virtue of knowing about her inconsistent statements.  He also accused the prosecutor of coercing Angela to lie and knowingly using her false and perjured testimony to secure appellant's conviction.  Based on these allegations,[2] appellant requested that the trial court "reverse the earlier decision of guilty against [him] and dismiss the charges and order a new trial."  (R. 290, at 10.)

{¶ 5}  The trial court denied appellant's motion on March 11, 2013.  In its entry, the trial court noted that this court, in our decision on appellant's direct appeal from his convictions, stated "[t]he trier of fact is in the best position to take into account the inconsistencies in the evidence, as well as the demeanor and manner of the witnesses, and

---

[1] A more detailed recitation of the underlying facts appears in *Green I* at ¶ 2-13.
[2] Appellant also alleged that Quentin lied about him during or leading up to trial, but appellant did not direct the trial court to a particular instance.

to determine which witnesses are more credible. * * * Given the evidence presented at trial, the jury did not lose its way or create a manifest miscarriage of justice." *Green II* at ¶ 12-13. Appellant timely appealed.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant presents us with the following assignments of error for review:

First Assignment of Error:

The trial court erred and abused judicial discretion to deny the motion for new trial without adjudicating Appellant's claim of prosecutorial misconduct.

Second Assignment of Error:

The trial court erred and abused judicial discretion to not order a hearing on Appellant's motion for new trial to determine if the prosecution deliberately suborned perjury from Quentin Green and Angela McClain or failed to correct the same.

For ease of discussion, we will consider appellant's assignments of error together.

## III. DISCUSSION

{¶ 7} Appellant is before this court on appeal from the trial court's denial of his February 1, 2013 "Motion for 52(B) and Motion for New Trial." Appellant clarified in his brief that the motion was "inadvertently titled under Ohio Crim. R. 52(B) when it should have been titled under Ohio Crim. R. 33(B)." (Appellant's brief, at 3.) Therefore, we will proceed with our analysis under the law governing motions filed pursuant to Crim.R. 33.

{¶ 8} We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990). An abuse of discretion exists when the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} Crim.R. 33(B) provides:

**Motion for new trial; form, time**. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to

appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 10} Under Crim.R. 33(B), a motion for new trial must be made within 14 days after the verdict was rendered or, when the motion concerns newly discovered evidence, within 120 days after the day the verdict was rendered. Because appellant filed his motion well outside the 120-day period, he was required to obtain leave from the trial court to file his motion for new trial. "Leave of court must be granted before the merits of the motion are reached." *State v. Gover*, 10th Dist. No. 12AP-777, 2013-Ohio-3366, ¶ 10, citing *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, ¶ 25 (7th Dist.). The moving party must prove unavoidable delay by clear and convincing evidence in order to obtain leave. *State v. Bates*, 10th Dist. No. 09AP-583, 2009-Ohio-6422, ¶ 13; Crim.R. 33(B). Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *State v. Walden*, 19 Ohio App.3d 141, 146 (10th Dist.1984). The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Fortson*, 8th Dist. No. 82545, 2003-Ohio-5387, ¶ 12.

{¶ 11} Appellant's motion for new trial was untimely by several years. He did not seek leave from the trial court to file his motion, nor did he allege that he was unavoidably prevented from filing his motion in a timely manner. We also note that the allegations in

appellant's motion were based on information that was available to him before and during trial. On appeal, appellant confirmed this by only relying on the trial court record to support his claims of perjury and prosecutorial misconduct. There is no indication that appellant lacked knowledge of the existence of the grounds supporting his motion and that he could not have learned of the existence of the grounds in a timely manner with the exercise of reasonable diligence. For all these reasons, the trial court did not abuse its discretion in denying appellant's motion for new trial. Accordingly, we overrule appellant's first assignment of error.

{¶ 12} Because appellant failed to comply with the requirements of Crim.R. 33, we do not find error with the trial court's decision to deny appellant's motion without holding a hearing to explore the merits of the motion. *See Lordi* at ¶ 25 ("Leave must be granted before the merits are reached."). Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 13} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____