[Cite as *State v. Nuhfer*, 2016-Ohio-1478.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-15-1013

    Appellee                                 Trial Court No. CR0200602652

v.

William D. Nuhfer, II                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  April 8, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 30, 2014 judgment of the Lucas County Court of Common Pleas, which denied appellant's request for leave to file a Crim.R. 33 motion for a new trial in connection to a 2004 murder case, finding that appellant failed to satisfy the requisite evidentiary burden to warrant the action.

**{¶ 2}** This case arises from a 2004 murder in Toledo. On March 14, 2007, appellant was found guilty of one count of murder, in violation of R.C. 2903.02(A). On June 30, 2014, appellant filed a request for leave to file a Crim.R. 33 motion for a new trial. It was denied. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, William Nuhfer, sets forth the following two assignments of error:

1. The trial court erred when it ruled on the merits of a motion for new trial rather than solely deciding if there was good cause to allow filing of a Criminal Rule 33(A)(6) motion after 120 days since the verdict.

2. The trial court erred when it denied the defendant an evidentiary hearing on the request for leave to file a motion for a new trial.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On July 12, 2004, an employee of Hirzel Brothers Florists discovered the naked body of a woman in a pile of sawdust at the rear of the business. The murder investigation determined that the victim had been killed in the location where her body was discovered. Investigators recovered the victim's TARTA bus card, bus schedules, and her shorts at the crime scene.

**{¶ 5}** The victim's autopsy revealed that she was murdered in a brutal manner. The autopsy reflected that she was beaten, then strangled, and then stabbed to death.

**{¶ 6}** The victim sustained a fractured hyoid bone and bruising on the right side of her neck, indicia of the manual strangulation. There were multiple contusions on the

2.

right shoulder, the left side of the chest, and the left breast.  There were multiple signs of trauma on the right arm, the right thigh, the left ankle, and the left hand.

{¶ 7} The autopsy showed that following the beating and strangulation, the victim was stabbed three times.  The first stab wound pierced the left internal jugular vein, the second went through the left ventricle of her heart, and the third stab wound went into the victim's breast tissue.  The autopsy concluded that the left ventricle stabbing is what killed the victim.  Rectal, oral, and vaginal swabs were retrieved in the autopsy for DNA analysis.

{¶ 8} The investigating detective subsequently obtained the video surveillance footage of the relevant timeframe from a Stop & Go located directly across the street from the scene of the murder.  It showed appellant at the store at the same time as the victim.  In conjunction with this, appellant's DNA matched the rectal swab taken from the victim.

{¶ 9} In conjunction with the above, a federal prisoner who was previously housed with appellant in jail, testified that appellant had admitted to him that he had engaged in intercourse with the victim and killed her when she resisted his attempt at robbing her.  Notably, the witness furnished specific details of the murder that were never released to the public.

{¶ 10} On July 26, 2006, appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree, one count of aggravated robbery, in violation of R.C. 2911.01(A)(3), a felony of the first degree, and one count of murder, in

3.

violation of R.C. 2903.01(B). Following a bench trial, appellant was convicted of the lesser included offense of murder, in violation of R.C. 2903.02(A), an unclassified felony. Appellant was found not guilty on the remaining charges. Appellant was sentenced to a term of incarceration of fifteen years to life, consecutive to a separate prison term being served for subsequent felony convictions on separate crimes.

{¶ 11} Eight years later, on June 30, 2014, appellant filed a request for leave to file an untimely motion for new trial pursuant to Crim.R. 33. On December 30, 2014, it was denied. This appeal ensued.

{¶ 12} In the first assignment of error, appellant contends that the trial court erred when it denied his request for leave to file an untimely motion for a new trial and found no meritorious basis for a new trial. We do not concur.

{¶ 13} Under Ohio law, "A motion for a new trial is addressed to the sound discretion of the trial court, and will not be reversed absent an abuse of discretion." *State v. Schiebel*, 55 Ohio St.3d 71, 76, 564 N.E.2d 54 (1990). An abuse of discretion "connotes more than a mere error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Crim.R. 33 sets forth the necessary requirements that must be met when filing a motion for a new trial:

(B) Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within

4.

fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 15} In addition, Crim.R. 33(C) mandates that appellant must attach supporting affidavits.

{¶ 16} The record reflects no prejudice to appellant in the denial of his request for leave to file an untimely motion for a new trial. The testimony of his former cellmate, and the accompanying likelihood of a sentencing accommodation, was well known to all parties throughout the case. Contrary to appellant's suggestion, none of this constituted

5.

newly discovered evidence. Further, ample additional compelling evidence of guilt was presented at trial.

{¶ 17} Lastly, appellant failed to attach the requisite affidavits supporting the motion as mandated by Crim.R. 33. Accordingly, we find appellant's first assignment of error not well-taken.

{¶ 18} In the second assignment of error, appellant contends that the trial court erred when it denied appellant an evidentiary hearing. We do not concur.

{¶ 19} It is well-established under Ohio law that it lies within the trial court's discretion whether to grant an evidentiary hearing when there is a motion for a new trial. *State v. Hill*, 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992). "In the absence of a clear showing of abuse such decision will not be disturbed." *Id*.

{¶ 20} As previously discussed, appellant's former cellmate receiving a sentencing accommodation is not new evidence and, as such, would not have changed the outcome. Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 21} Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____

                                               JUDGE

Arlene Singer, J.         

_____

Thomas J. Osowik, J.                                         JUDGE
CONCUR.

_____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.