[Cite as *State v. Armengau*, 2017-Ohio-197.]

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                     :

                                     No. 16AP-355

v.                                                   :      (C.P.C. No. 13CR-2217)

Javier H. Armengau,                                  :      (REGULAR CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on January 19, 2017

---

**On brief:** *Michael DeWine*, Attorney General, *Jocelyn S. Kelly Lowe*, and *Katherine E. Mullin*, for appellee.

**On brief:** *Javier H. Armengau*, Pro Se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Javier H. Armengau, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a delayed motion for new trial. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 20, 2013, a Franklin County Grand Jury indicted appellant on three counts of kidnapping, three counts of gross sexual imposition, six counts of rape with specifications, five counts of sexual battery, and one count of public indecency. At the time of the offenses, appellant was licensed to practice law in Ohio and each of his victims was either a current or former client of appellant's or a client's family member.

{¶ 3}   On July 7, 2014, a Franklin County jury found appellant guilty of nine felonies and one misdemeanor.  On August 28, 2014, the trial court sentenced appellant to a prison term of 13 years.  On August 7, 2015, appellant filed a Crim.R. 33(B) motion for leave to file a delayed motion for new trial.  Appellant supported his motion for leave with his own affidavit and the affidavit of Diane Caldwell, a former roommate of one of appellant's victims, Luz Melean.  Appellant claims that the averments in Caldwell's February 6, 2015 affidavit constitute newly discovered evidence material to his defense.  In her affidavit, Caldwell avers that Melean told her the sexual activity between she and appellant was "purely consensual."  (Caldwell Aff. at ¶ 20.)  The state opposed the motion.

{¶ 4}   On April 5, 2016, the trial court denied appellant's motion for leave without an evidentiary hearing.  Appellant timely appealed to this court from the judgment of the trial court.[1]

## II.  ASSIGNMENT OF ERROR

{¶ 5}   Appellant asserts the following assignment of error:

> The trial court erred and abused its discretion in denying Appellant's Motion for Leave to file Motion for New Trial and the trial court erred and abused its discretion in not granting Appellant a hearing on his Motion for New Trial.

## III.  STANDARD OF REVIEW

{¶ 6}   "In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard."  *State v. Anderson*, 10th Dist. No. 13AP-831, 2014-Ohio-1849, ¶ 7 ("*Anderson II*"), citing *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9 ("*Anderson I*").  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "A review under the abuse-of-discretion standard is a deferential review.  It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

---

[1] Appellant's appeal from his conviction and sentence is currently pending in case No. 14AP-679.

## IV.  LEGAL ANALYSIS

{¶ 7}   In appellant's sole assignment of error, appellant argues that the trial court abused its discretion by denying his Crim.R. 33(B) motion for leave to file a delayed motion for new trial.  For the reasons that follow, we find no abuse of discretion on the part of the trial court.

### A.  Newly Discovered Evidence

{¶ 8}   Appellant moved the trial court for leave to file a delayed motion for new trial under the grounds set forth in Crim.R. 33(A)(6).  A trial court may grant a motion for new trial, pursuant to Crim.R. 33(A)(6), based on the discovery of new evidence material to the defense that the defendant could not, with reasonable diligence, have discovered and produced at trial.  *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5.  "A motion for new trial based on newly discovered evidence must be filed within 120 days after the jury verdict or the court's judgment."  *Id.*, citing Crim.R. 33(B).  "A trial court may grant a motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline '[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely.' "  *Graggs* at ¶ 5, quoting Crim.R. 33(B).

{¶ 9}   The jury rendered its verdict in the criminal trial on July 7, 2014.  Because appellant did not file his motion for new trial within 120 days of the date the jury rendered its verdict, Crim.R. 33(B) required appellant to seek leave from the trial court before filing his motion for new trial.  " 'Crim.R. 33 contemplates a two-step procedure when a defendant seeks to file a motion for new trial more than 120 days after the conclusion of the trial.' "  *State v. Stepherson*, 10th Dist. No. 13AP-282, 2013-Ohio-5396, ¶ 15, quoting *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13.  First, " 'the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial.' "  *Stepherson* at ¶ 15, quoting *Bethel* at ¶ 13.  "Under the second step, ' "if the defendant does establish by clear and convincing evidence that the delay in finding the new evidence was unavoidable, the defendant must file the motion for new trial within seven days from that finding." ' "  *Anderson II* at ¶ 8, quoting *Stepherson* at ¶ 15, quoting *Bethel* at ¶ 13.

{¶ 10} The trial court denied appellant's motion for leave because appellant did not produce clear and convincing evidence that he was unavoidably prevented from discovering the evidence contained in Caldwell's affidavit within the 120-day time limit under Crim.R. 33(B).  We agree.

{¶ 11} Appellant submitted his own affidavit in an effort to demonstrate that he was unavoidably prevented from discovering the evidence contained in Caldwell's affidavit.  Appellant avers, in relevant part, as follows:

> 6. I was transferred from the Franklin County Jail to Orient (C.R.C.) on approximately September 2nd, 2014 and then to Allen Correctional Institution on or about November 17, 2014. At both institutions I refused protective custody however, I was placed in segregation units and as a result I had restricted and limited access to necessary legal research and materials for my representation;
>
> 7. Until mid-January of 2015, I was under the impression that my trial counsel still represented me with respect to all issues involving my case. I didn't learn until mid-January of 2015 that my trial counsel was no longer representing me;
>
> 8. While incarcerated I learned of an individual named Diane Caldwell, who lived with Luz Melean in approximately 2009. Ms. Caldwell had actually contacted my trial counsel after I was already transferred to the Ohio Department of Rehabilitation and Corrections [sic] with information regarding her knowledge of Luz Melean and the relationship between myself and Melean.  Ms. Caldwell had actually driven Melean to my office on different occasions;
>
> 9. Ms. Caldwell was not known to me or my trial counsel until after I was transferred to Orient.

(Aug. 7, 2015 Armengau Aff. at 1-2.)

{¶ 12} "A defendant is 'unavoidably prevented' from discovering the new evidence within the time period for filing a motion for new trial when that defendant had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence." *Bethel* at ¶ 13, quoting *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244.  The defendant must prove by clear and convincing

evidence that he was unavoidably prevented from discovering the new evidence. *Graggs* at ¶ 11, citing *Bethel* at ¶ 13. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 13} Appellant's affidavit does not specify the date he learned of Caldwell's evidence. Nor do appellant's averments provide sufficient information on which the reader can determine that date. According to appellant, he learned about Caldwell's evidence sometime after September 2, 2014, the date he was transferred from the Franklin County jail to the custody of the Department of Rehabilitation and Correction ("DRC"). September 2, 2014 is less than 60 days from the date the jury returned the verdict and well within the 120-day deadline for filing a motion for new trial pursuant to Crim.R. 33(A)(6). Though the affidavit is not clear as to how or from what source appellant obtained his knowledge of Caldwell, the affidavit states that Caldwell contacted his trial counsel some time after September 2, 2014. Appellant's affidavit does not state the exact date when Caldwell contacted appellant's trial counsel nor is it possible to discern the exact date from the information contained in the affidavit. Similarly, Caldwell's affidavit does not provide sufficient facts to determine when she communicated information about Melean to anyone associated with appellant. At best, Caldwell's affidavit implies that she was unaware that Melean had given testimony against appellant until August 2014.

{¶ 14} The vague and equivocal averments in appellant's affidavits fall short of the clear and convincing proof required to sustain a motion for leave to file an untimely motion for new trial. At best, appellant's affidavits give rise to the possibility that appellant learned of Caldwell's evidence after the 120-day deadline for timely filing a motion for new trial based on newly discovered evidence. This court has previously stated that where the moving party's affidavit merely establishes that appellant "may not have known" that a witness potentially had information material to his defense, the moving party's evidence is insufficient to meet the clear and convincing standard under Crim.R.

33(B). (Emphasis omitted.) *Graggs* at ¶ 11. This court has also determined that a vague statement in appellant's affidavit that he "just recently discovered" the new evidence without clarification as to how appellant obtained the evidence is insufficient to show by clear and convincing evidence that appellant was unavoidably prevented from timely filing his motion for new trial. *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 17. Appellant's assertion that Caldwell was unknown to him prior to February 6, 2015, without additional supporting facts, is insufficient to establish by clear and convincing proof that appellant had no knowledge of Caldwell's evidence within the 120-day deadline. Because appellant did not produce clear and convincing proof that he was unavoidably prevented from discovering Caldwell's evidence within the time prescribed for filing a motion for new trial, the trial court did not abuse its discretion when it denied appellant's motion for leave to file a delayed motion for new trial under the grounds set out in Crim.R. 33(A)(6).

{¶ 15} The trial court found, alternatively, that appellant failed to file his motion for leave within a reasonable time after discovering Caldwell's evidence. We agree.

{¶ 16} Most courts, including this court, require the party seeking leave under Crim.R. 33(B) to file a motion for leave within a reasonable time after discovering the evidence supporting the motion for new trial. *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 12, quoting *State v. Peals*, 6th Dist. No. L-10-1035, 2010-Ohio-5893, ¶ 22, citing *State v. Grinnell*, 10th Dist. No. 09AP-1048, 2010-Ohio-3028. *See also Golden* at ¶ 18. In this instance, 182 days elapsed between the time Caldwell executed her February 6, 2015 affidavit and the time appellant filed his August 7, 2015 motion for leave to file a delayed motion for new trial. Appellant makes an effort to explain the lengthy delay in his affidavit, wherein he avers as follows:

> 12. During my incarceration, drafts that I have prepared for filing with this Court and others, have been deleted from the law library computers thereby causing me to have to re-draft documents, oftentimes on more than one occasion;
>
> * * *
>
> 18. During my incarceration, I have had legal materials seized and destroyed at C.R.C. and after being transferred to Allen Correctional, I had my cell raided, all legal materials, motions,

> drafts, notes and research materials removed, much of which was never returned;
>
> 19. Due to the destruction of much of my materials, I have been delayed in again researching, re-drafting and preparing in my defense.

(Armengau Aff. at 2-3.)

{¶ 17} Once again, appellant's averments are unspecific with regard to the relevance, timing, and length of the delays regarding this particular motion that he attributes to the conduct of the DRC. Appellant does not specify whether and to what extent the delays he attributes to DRC actually affected his ability to timely file this motion for new trial based on the discovery of Caldwell's evidence. Appellant acknowledges that in addition to the appeal of his conviction and sentence, he is also litigating issues related to his defense "with this Court and others." (Armengau Aff. at ¶ 12.)

{¶ 18} In our view, appellant's generalized allegation that the conduct of DRC delayed him in "researching, re-drafting and preparing" his defense is insufficient to justify the 182-day delay between the date he obtained Caldwell's affidavit and the date he filed his motion for leave to file a delayed motion for new trial. (Armengau Aff. at ¶ 19.) *See*, *e.g.*, *Anderson I* at ¶ 18 (appellant's "current incarceration" is an insufficient justification for a 134-day delay between appellant's receipt of the newly discovered evidence and the filing of his motion for new trial); *Anderson II* at ¶ 14 (trial court did not abuse its discretion in concluding that appellant had not filed his motion for leave within a reasonable time after discovery of the new evidence where 159 days had elapsed between the date appellant received the new evidence and the date he filed his motion for new trial); *State v. Jackson*, 3d Dist. No. 14-04-11, 2004-Ohio-5103, ¶ 10 (trial court did not abuse its discretion in denying appellant's motion for leave to file a motion for new trial where appellant "did not file his motion for leave until February 26, 2004, over two months after the affidavit from the witness was obtained"). Accordingly, even if appellant had established that he was unavoidably prevented from discovering Caldwell's evidence prior to February 6, 2015, the trial court did not abuse its discretion in denying appellant's motion for leave because appellant failed to produce clear and convincing proof that he

filed his motion for leave within a reasonable time after discovering the new evidence. *Ambartsoumov* at ¶ 12.

{¶ 19} Based on the foregoing, we hold that the trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial based on newly discovered evidence.

### B. Crim.R. 33(A)(1) through (5)

{¶ 20} Appellant also sought leave to file a motion for new trial under the grounds set forth in Crim.R. 33(A)(1) through (5). More particularly, appellant's motion alleges grounds for relief under Crim.R. 33(A)(1), (2), and (5). Crim.R. 33(A) provides, in relevant part, as follows:

> **Grounds**. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> * * *
>
> (5) Error of law occurring at the trial.

(Emphasis sic.)

{¶ 21} Appellant asserts a cause for relief under Crim.R. 33(A)(1) arising from the alleged lack of specificity in the indictment. Appellant claims that lack of specificity as to the dates of the offenses impeded his ability to assert an alibi defense. With regard to the grounds under Crim.R. 33(A)(2), appellant alleges prosecutorial misconduct consisting of suborning perjured testimony from several of the state's witnesses, representing to the jury that a witness would testify at trial even though the witness never appeared, and threatening another witness with felony prosecution if she refused to give testimony harmful to appellant. Finally, appellant's argument regarding an error of law under Crim.R. 33(A)(5) is that the evidence against him was fabricated and that "[t]he prosecutors in Defendant's case should be indicted, imprisoned and disbarred for what

they did to Defendant and as a result, to his children."   (Aug. 7, 2015 Mot. For Leave to File Mot. For New Trial Instanter at 56.)

{¶ 22} Crim.R. 33(B) prescribes the time limit for filing a motion for new trial under Crim.R. 33(A)(1) through (5), in relevant part, as follows:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶ 23} Because appellant missed the 14-day deadline for filing his motion for new trial under Crim.R. 33(A)(1), (2), and (5), Crim.R. 33(B) required appellant to seek leave from the trial court before filing a delayed motion for new trial.  In order to obtain leave to file a delayed motion for new trial, Crim.R. 33(B) required appellant to establish by clear and convincing proof that he was unavoidably prevented from filing his motion for new trial within 14 days after the verdict was rendered.  In the context of Crim.R. 33(B) and (A)(1) through (5), "a party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence."  *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984).

{¶ 24} Appellant submitted his own affidavit in an effort to establish that he was unavoidably prevented from filing his motion for new trial within the 14 days after the verdict was rendered.  Appellant's affidavit provides, in relevant part, as follows:

> 7.  Until mid-January of 2015, I was under the impression that my trial counsel still represented me with respect to all issues involving my case. I didn't learn until mid-January of 2015 that my trial counsel was no longer representing me;
>
> * * *
>
> 17. The transcripts on my case were originally due to be filed by October 8, 2014.  With three (3) extensions requested, the

> transcripts and record was filed with the court of Appeals on July 10, 2015;
>
> * * *
>
> 20. With respect to the grounds for a new trial under Crim.R. 33(A)(1-5) I was unable to properly present those grounds without the record being filed and having a copy of the transcripts;
>
> 21. The transcripts were received by me on or about July 16, 2015.

(Armengau Aff. at 1-3.)

{¶ 25} In his affidavit, appellant avers that his failure to timely file his motion for new trial was due primarily to the lack of a trial transcript. The trial court, however, found that the alleged delay in the filing of the trial transcript could not have prevented appellant from filing his motion for new trial within 14 days of the jury verdict because the grounds for relief under Crim.R. 33(A)(1) through (5) were known to appellant when the jury returned its verdict and because a moving party is not required to submit a trial transcript in support of a motion for new trial brought pursuant to Crim.R. 33(A)(1) through (5). Once again, we agree with the trial court.

{¶ 26} With regard to appellant's claim that the indictments were faulty, appellant would have been aware of any alleged defect in the indictment well before the jury returned its verdict. *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 20 ("any purported insufficiency with the form of the verdict would have been readily apparent from the beginning, so Jama's delay in addressing it cannot be attributed to unavoidable prevention").[2] Moreover, there is no need for appellant to provide a trial transcript to support such a claim as the indictment is part of the trial court record. Thus, the lack of a trial transcript could not have prevented appellant from timely moving the trial court for a new trial on those grounds.

{¶ 27} With regard to appellant's claims of prosecutorial and witness misconduct, this court has previously noted that "[m]isconduct of the jury, the prosecuting attorney or

---

[2] We also note that Crim.R. 33(E)(1) specifically states that "[n]o motion for a new trial shall be granted * * * because of * * * [a]n inaccuracy or imperfection in the indictment, * * * provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him."

witnesses for the state are particularly susceptible to nondiscovery within fourteen days after the verdict where the misconduct did not consist of affirmative acts at trial but, instead, involve matters not occurring in open court and generally not known to either the court or counsel at the time of the occurrence." *Walden* at 146. In this instance, appellant makes no claim that the instances of prosecutorial and witness misconduct on which he bases his motion for new trial were unknown to him at trial. In fact, appellant's proposed motion for new trial cites evidence in the trial transcript in support of each of his allegations of prosecutorial and witness misconduct. Accordingly, we hold that the trial court did not abuse its discretion when it found that appellant was not unavoidably prevented from discovering the alleged prosecutorial and witness misconduct underlying his proposed motion for new trial within the 14-day deadline for filing a timely motion for new trial under Crim.R. 33(A)(2) and (5). *See State v. Green*, 10th Dist. No. 13AP-260, 2013-Ohio-5327 (appellant was not unavoidably prevented from timely filing his motion for new trial where appellant relied on the trial court record to support his claims of perjury and prosecutorial misconduct).

{¶ 28} Moreover, as the trial court noted, there is nothing in the language of Crim.R. 33 that requires a moving party to submit a trial transcript in support of a motion for new trial brought pursuant to Crim.R. 33(A)(2) or (5). The relevant evidentiary requirements for a motion for new trial are set forth in Crim.R. 33(C), which provides that "[t]he causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit." Under the plain language of the rule, appellant could have submitted his own affidavit in support of his allegations of witness and prosecutorial misconduct. Thus, any delay in obtaining the transcript did not prevent appellant from timely filing his motion for new trial under Crim.R. 33(A)(1), (2), and (5).

{¶ 29} To the extent that appellant's affidavit implies that DRC prevented him from filing his motion for new trial within the 14-day deadline, appellant acknowledges that he was not transferred to DRC's custody until September 2, 2014. Because the 14-day deadline had passed prior to his transfer, the subsequent conduct of DRC could not have prevented him from timely filing his motion for new trial under Crim.R. 33(A)(1) through (5). Furthermore, to the extent that appellant's affidavit implies that the ineffectiveness of

his trial counsel prevented him from timely filing a motion for new trial, this court has previously stated that "any purported ineffectiveness on the part of trial counsel in not filing a motion for new trial within 14 days of the verdict counts against the defense in establishing unavoidable prevention." *Jama* at ¶ 20.

{¶ 30} Based on the foregoing, we hold that the trial court did not abuse its discretion when it denied appellant's Crim.R. 33(B) motion for leave to file a delayed motion for new trial based on the grounds set forth in Crim.R. 33(A)(1) through (5).

### C.  Denial of Leave Without A Hearing

{¶ 31} Appellant argues that the trial court abused its discretion by refusing to hold an evidentiary hearing on his motion for a new trial.  We disagree.

{¶ 32} "It is well-established under Ohio law that it lies within the trial court's discretion whether to grant an evidentiary hearing when there is a motion for a new trial." *State v. Nuhfer*, 6th Dist. No. L-15-1013, 2016-Ohio-1478, ¶ 19, citing *State v. Hill*, 64 Ohio St.3d 313, 333 (1992).  " '[I]n the absence of a clear showing of abuse such decision will not be disturbed.' "  *Hill* at 333, quoting *State v. Williams*, 43 Ohio St.2d 88 (1975), paragraph two of the syllabus.  Because we have held that the trial court did not err when it denied appellant's motion for leave to file a delayed motion for new trial, the trial court did not abuse its discretion by denying the proposed motion for new trial without an evidentiary hearing.

{¶ 33} Similarly, "[t]he decision whether to grant or hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion."  *Anderson II* at ¶ 15, citing *State v. Caulley*, 10th Dist. No. 12AP-100, 2012-Ohio-2649, ¶ 15, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.).  *See also State v. Carson*, 10th Dist. No. 07AP-492, 2007-Ohio-6382, ¶ 22.  "A criminal defendant 'is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.' "  *Ambartsoumov* at ¶ 13, quoting *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54, citing *McConnell* at ¶ 7.  "Thus, 'no such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie

evidence of unavoidable delay.' " *Ambartsoumov* at ¶ 13, quoting *Peals* at ¶ 23.  Because we have determined that appellant's affidavit fails to allege facts which would excuse appellant's failure to timely file a motion for new trial, we hold that the trial court did not abuse its discretion by failing to hold an evidentiary hearing on appellant's motion for leave to file a delayed motion for new trial.

{¶ 34} For the foregoing reasons, appellant's sole assignment of error is overruled.

## V.  CONCLUSION

{¶ 35} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____