[Cite as *Graves v. Dept. of Job & Family Servs.*, 2017-Ohio-5695.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MIRIAM GRAVES | : | JUDGE |
| | : | Hon. Patricia A. Delaney, P.J. |
| Appellant-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| OHIO DEPARTMENT OF JOB | : | Case No. 17 CAH 02 0012 |
| AND FAMILY SERVICES | : | |
| | : | |
| Appellee-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case Nos. 15 CVF 08 0572 and 15 CVF 10 0668


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     June 30, 2017


APPEARANCES:

For Appellant-Appellant

JUDITH E. GALEANO
JUSTIN A. MOROCCO
425 Metro Place South
Suite 420
Dublin, OH  43017

For Appellee-Appellee

J. ANDREW STEVENS
30 East Broad Street
26th Floor
Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Appellant-Appellant, Miriam Graves, appeals the January 17, 2017 judgment entry of the Court of Common Pleas of Delaware County, Ohio, affirming the decision of appellee-appellee, Ohio Department of Job and Family Services, denying her request for a hearing to address concerns about her in-home care.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant has quadriparesis and is mute.  She needs constant care.  She is a Medicaid recipient receiving in-home care through the Ohio Home Care Waiver. Her agency provider is CareStar, and she has a case manager.  Care providers must be approved under the All Services Plan in order to provide care to recipients.  Appellant's mother, Wende Graves, is appellant's legal guardian over her person.

{¶ 3}   In 2015, appellant's care provider, Wynde Young, went on maternity leave. According to appellant, during this leave, Ms. Young was removed from the approved care provider list under the All Services Plan.  Upon Ms. Young's return from maternity leave, she was not reinstated as an approved provider and therefore, Ms. Young was unable to provide services to appellant.  At some time, Ms. Young gave up her "I.P. number" to be an approved provider under the All Services Plan.  As a result, appellant had to find an alternate care provider.

{¶ 4}   On June 17, 2015, Ms. Graves, on behalf of appellant, requested a state hearing with appellee to address the concerns with CareStar and her case manager, complaining that Ms. Young was not allowed to return from maternity leave, and indicating that Ms. Young "gave up her I.P. number as she was no longer allowed to work."  On July 6, 2015, appellee denied the request, stating the complained of issue "is not appealable to the Bureau of State Hearings, pursuant to 5101:6-5-03 of the Ohio

Administrative Code." Ms. Graves filed an administrative appeal, claiming appellant had the right "to choose her provider that is willing and qualified" and not permitting Ms. Young to return was not permissible under Ohio Adm.Code 5101:6-3-01(B)(13). By decision dated July 31, 2015, appellee affirmed the denial because subsection (B)(13) was inapplicable to her case.

{¶ 5} On August 21, 2015, Ms. Graves filed a second request for a hearing, again complaining that appellant was no longer being cared for by Ms. Young following her maternity leave, and complaining that the All Services Plan required appellant to complete tasks she was unable to perform i.e., notify the case manager if a care provider arrives late, departs early, works a partial shift, or does not show up, and sign a care provider's time sheet after every completed shift. Appellant sought a new case manager, and a non-discriminatory All Services Plan. On August 26, 2015, appellee denied the request, stating the issue "has been previously decided through the state hearing process." Again, Ms. Graves filed an administrative appeal. By decision filed September 9, 2015, appellee affirmed the denial pursuant to Ohio Adm.Code 5101:6-5-03(C)(6) because "the issue has been previously decided through the state hearing process."

{¶ 6} On August 28, and October 6, 2015, appellant filed appeals with the trial court. The two appeals were consolidated. Each party filed a brief. In her brief, appellant added the additional complaint that when Ms. Young was on maternity leave, the case manager limited the time that appellant had care providers in the home. Appellant claimed her care was reduced from sixteen hours per day to twelve hours per day, and overnight care was eliminated. This issue was never before appellee. By judgment entry filed January 17, 2017, the trial court affirmed appellee's decisions.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES HAD THE RIGHT TO DENY APPELLANT A STATE HEARING REGARDING HER ISSUES, WHICH EFFECTIVELY REDUCED HER BENEFITS, WITH THE CASE MANAGEMENT AGENCY."

II

{¶ 9}   "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT ENTITLED TO A HEARING AFTER DENYING HER THE ABILITY TO REQUEST A REPLACEMENT CARE MANAGER."

III

{¶ 10} "THE TRIAL COURT ERRED FINDING THAT APPELLANT WAS NOT ENTITLED TO A HEARING WHEN APPELLANT'S BENEFITS WERE EFFECTIVELY REDUCED AS APPELLANT, WHO HAS QUADRIPARESIS AND IS NON-VERBAL, WAS REQUIRED TO PERFORM IMPOSSIBLE TASKS DUE TO HER DISABILITY."

I, II, III

{¶ 11} Appellant claims the trial court erred in affirming appellee's denials of her requests for a state hearing.  We disagree.

{¶ 12} Our standard of review on a trial court's application of administrative rules is de novo.  *McClendon v. Ohio Department of Education,* 8th Dist. Cuyahoga No. 104292, 2017-Ohio-197, ¶ 9.

{¶ 13} Ohio Adm.Code 5101:6-3-01 covers grounds for requesting a state hearing.  Subsection (A) provides the following:

(A) The right to a state hearing is limited to actions by the Ohio department of job and family services (ODJFS), the Ohio department of

medicaid (ODM), the local agency, or an agent of ODJFS, ODM, or the local agency. A hearing need not be granted when a change in state or federal law, or local agency policy adopted pursuant to options authorized in state law, requires automatic adjustments of benefits for classes of recipients. If the reason for the request is the misapplication of the change to the appellant's individual circumstances, hearing rights exist.

{¶ 14} Subsection (B) lists fourteen "grounds for requesting a state hearing in regard to family services program benefits." Appellant argues subsection (B)(2) applies which states: "The agency has proposed or acted to reduce, suspend, terminate, or withhold benefits, or the assistance group believes that the level of benefits is not correct." Appellant argues under these provisions, she is entitled to a state hearing because CareStar is a provider for Ohio Home Care Waiver which is a service program administered by the Ohio Department of Medicaid, and it was CareStar who reduced or withheld her care. Appellant's Brief at 6.

{¶ 15} Appellee argues the subsection does not apply, as there is no evidence of a reduction of benefits and the issue was not raised in her requests for a state hearing. Appellee's Brief at 2.

{¶ 16} In its January 17, 2017 judgment entry affirming the denials, the trial court stated the following:

Appellant argues in her brief that she is entitled to a state hearing under OAC 5101:6-3-01(B)(2). She reasons that the hours that she receives care has effectively been reduced by Carestar refusing to allow her prior nurse to return. However, the Court is limited to review of the record in this matter. Appellants request for a state hearing and her

appeal of the ODJFS decision does not reference any hours or benefits being reduced or withheld. Accordingly, the Court concludes that ODJFS made the correct decision on the information they had before them.

In regards to the second administrative appeal, Appellant requested a new case manager and a new All Services Plan under the Ohio Department of Medicaid administered waiver program. Appellant is not entitled to a state hearing under OAC 5101:6-3-01 for these requests. Again, Appellants request for hearing and appeal did not reference any reduction in the level of benefits she was being provided. Additionally, the list of grounds for a state hearing set forth in OAC 5101:6-3-01 does not include the issues complained of by Appellant. Further, she was not

entitled to a state hearing for her nurse not returning after maternity leave as reasoned above.

{¶ 17} Based upon our review, we concur with the trial court's analysis. The two requests for a state hearing did not allege any reduction in benefits. Appellant's main complaint was that her chosen care provider was not permitted to provide her services after her return from maternity leave. The fact that appellant cannot have the care provider of her choice is not contemplated under subsection (B)(2). Appellant's secondary complaint was that she was required to complete tasks she was unable to perform, and she requested a new case manager and a non-discriminatory All Services Plan. Again, these issues are not contemplated under any of the grounds listed in Ohio Adm.Code 5101:6-3-01.

{¶ 18} Appellant's required tasks under the All Services Plan includes notifying the case manager if a care provider arrives late, departs early, works a partial shift, or does not show up, and signing a care provider's time sheet after every completed shift.

Appellant's condition prevents her from completing these tasks.  However, her mother, as legal guardian, can perform these tasks on her behalf.  There is no evidence in the record of a reduction in benefits because appellant cannot personally perform these tasks on her own.

{¶ 19} Upon review, we find the trial court did not err in affirming appellee's decisions.

{¶ 20} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/sg